Burke, J. (dissenting).
I agree with Judge Breitel’s conclusions that the New York State and Federal rules are that exceptions to criminal statutes are matters of defense to be raised only at trial, in contrast with the rule pertaining to Statutes of Limitation in civil cases and other jurisdictions which permit a pretrial motion to dismiss.
Nevertheless, I dissent and vote to reverse. The majority opinion concedes that we dismissed the New York County indictment and did not direct a resubmission of an indictment in Nas *198 san County. Section 144-a of the old code, which is the key statute, does not apply here. In addition, section 144-a of the old code applies to only three situations: (1) to delay in prosecution; (2) demurrer and (3) motion in arrest, of judgment. It says nothing about suspending the Statute of Limitations where an indictment had been dismissed because the venue was in the wrong county, or for many other reasons such as it was founded on the uncorroborated testimony of an accomplice, or where the confession was not adequately corroborated. One can imagine any number of different situations that are not covered by section 144-a of the old code.
The argument that the Nassau County indictment was protected by the phrase ‘ ‘ or otherwise ’ ’ which allegedly permitted an enlargement of the Statute of Limitations so as to apply to this ease is without any merit whatsoever. The attempt by this court to enlarge the term of the Statute of Limitations beyond that date fixed by the Legislature through an interpretation of section 144-a which was enacted to permit under limited circumstances a resubmission in the county where it was dismissed, is unprecedented. The People of the State of New York were in error in returning an indictment in New York County—now they seek to deprive the defendant of the protection of a Statute of Limitations and gain an unheard of advantage by extending the Statute of Limitations even though the defendant in no way participated in the People’s mistake. It is undisputed that the indictment in New York County was dismissed because the evidence before the Grand Jury did not prove the crime was committed in New York County, and it is likewise undisputed that the Statute of Limitations, which is germane, would not ordinarily permit a prosecution.
Therefore, the indictment in Nassau County is barred and should be dismissed.
Opinion by Judge Breitel. Concur: Judges Scileppi, Bergan, Jasen and Gibson. Judge Jasen in a concurring opinion in which Judges Scileppi, Bergan, Breitel and Gibson also concur. Judge Burke dissents and votes to reverse in a separate opinion in which Chief Judge Fuld concurs.
Order affirmed.